**EXHIBIT D**

# COUGHLIN BETKE LLP

**175 FEDERAL STREET**
**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: 617-988-8050
FACSIMILE: 617-988-8005

*Please send all correspondence to our Boston office for scanning.*

Courtney Hays, Esq.  
Admitted in CT, NY, and FL

Direct Dial Number: (617) 988-8045  
Email: chays@coughlinbetke.com

January 30, 2024

Jacob Watson  
Zephyr Solutions LLC  
1050 Lear Industrial Parkway  
Avon, Ohio 44011

Via email mconway@conwaystoughton.com  
Matthew G. Conway  
Conway Stoughton LLC  
641 Farmington Avenue  
Hartford, CT 06105

Re: <u>Norma Pellot v. Dollar Tree Stores, Inc.</u>  
Bridgeport Superior Court FBT-CV22-6118553-S

Dear Mr. Watson:

This office represents Dollar Tree Stores, Inc. ("Dollar Tree") in regards to a lawsuit filed by Plaintiff Norma Pellot ("Plaintiff"). Plaintiff alleges she was injured on June 16, 2022 when she was helping with a helium tank and the helium tank nozzle expelled helium into her left hand at the Dollar Tree store located at 330 Connecticut Avenue, Suite 7, Norwalk, Connecticut. ("the Premises"). As a result of this alleged incident, Plaintiff has filed suit against Dollar Tree. A copy of Plaintiff's Complaint is attached for your reference as <u>Exhibit A</u>. While the case was in Federal Court, the Motion to file the Third-Party Complaint against Zephyr Solutions, LLC ("Zephyr"), was granted. A copy of the Third-Party Complaint is attached for your reference as <u>Exhibit B</u>. As you are aware, Zephyr was and is responsible for providing the helium tank and/or nozzles for the subject Dollar Tree Store, pursuant to the Product Supply Agreement ("the Agreement") between Zephyr and Dollar Tree. A copy of the Agreement is attached hereto as <u>Exhibit C</u>.

**Background**

Plaintiff alleges that on June 16, 2022, she was assisting with the helium tank nozzle at the Dollar Tree Store located at 330 Connecticut Avenue, Suite 7, Norwalk, Connecticut, when the helium

| RHODE ISLAND | CONNECTICUT | NEW HAMPSHIRE | NEW YORK |
|---|---|---|---|
| 10 DORRANCE STREET | 100 PEARL STREET | 20 TRAFALGAR SQUARE | 1330 AVENUE OF THE AMERICAS |
| SUITE 700 | 14TH FLOOR | SUITE 435 | SUITE 23A |
| PROVIDENCE, RI 02903 | HARTFORD, CT 06103 | NASHUA, NH 03063 | NEW YORK, NY 10019 |
| TEL: 401-519-3637 | TEL: 860-249-7020 | TEL: 603-589-4025 | TEL: 212-653-0380 |

tank nozzle exploded while she was holding it with her fingers, injuring her. (Ex. A ¶¶ 3-4, 6.) Plaintiff further alleges that Dollar Tree failed to inspect the helium tank and/or spout, warn Plaintiff of the poor working condition of the helium tank, and failed to properly train its employees. (*Id*. ¶ 7). As a result of this alleged condition, Plaintiff claims that she sustained high pressure helium injury, deep tissue pressure injury, and compartment syndrome to her left thumb, as well as subcutaneous emphysema of her left hand, upper arm, and forearm. (*Id*. ¶ 8.) Zephyr was the entity that provided the helium tank spout/cylinder cap to the subject Dollar Tree Store. (Ex. B, ¶ 5.) If the incident occurred as Plaintiff claims it did, then it likely occurred due to a defect in the helium tank spout or a failure of the product to properly and easily affix to the helium tank, causing said incident. (*Id*. ¶ 6.) Based upon Plaintiff's allegations, Dollar Tree is hereby tendering this claim to Zephyr for defense and indemnity pursuant to the Agreement. (Ex. C § 10.)

**Discussion**

As you know, pursuant to the Agreement, Zephyr was responsible for providing the helium tanks and/or nozzles for the subject Dollar Tree store. (Ex. B ¶ 5.) These products specifically included high pressure cylinders. (Ex. C § 5.) Dollar Tree hereby makes this demand for defense and indemnity pursuant to the terms of the Agreement. It is clear under the terms of the Agreement that Zephyr was responsible for providing the subject helium tanks and/or nozzles to the Premises where Plaintiff alleges she was injured on the subject helium tank. The Agreement further expressly provides that Zephyr shall indemnify Dollar Tree for claims occurring by reason of Zephyr's provision of indemnification at the Premises:

> **10.   INDEMNIFICATION**
>
> Supplier shall indemnify customer and its parent, affiliates, directors, managers, officers, employees and agents, and their respective successors and assigns, and shall hold them harmless, from and with respect to any losses, damages, claims, costs, liabilities or expenses, including, without limitation, reasonable attorneys' fees, and including, without limitation, any such claim based on personal injury, death or property damage, arising out of or in connection with any breach of warranty or defect in any cylinder or cylinder cap.

(Ex. C § 10.)

Plaintiff alleges that she was injured due to the helium tank and/or nozzle at the Premises, a product that was provided exclusively by Zephyr pursuant to the Agreement. As such, Plaintiff's claimed incident and damages are clearly the result of Zephyr's breach of the Agreement and/or breach of the implied warranty of fitness for ordinary purpose. Therefore, it is clear that Zephyr has a duty to defend and indemnify Dollar Tree. Accordingly, Dollar Tree hereby demands defense and indemnity for the claim made by Plaintiff. In the absence of Zephyr agreeing to defend and indemnify Dollar Tree as requested herein—and as required by the Agreement—we will defend Dollar Tree and seek to recover

Jacob Watson and Matthew G. Conway
January 30, 2024
3 of 3

from Zephyr any and all expenses incurred, including, but not limited to, attorneys' fees and costs, as permitted under the terms of the Agreement.

Additionally, independent of the duties Zephyr owes Dollar Tree in regard to the provisions of the Agreement cited above, Zephyr is also required to name "Dollar Tree Stores, Inc., its parents, subsidiaries and affiliates (direct and indirect)" as additional insureds on Zephyr's general liability insurance policy.  (Ex. C § 14).  As noted above, Plaintiff's allegations arise out of Zephyr's provision of services, specifically providing the subject helium tank and/or nozzles for the subject premises, at the Premises. As such, Zephyr must defend and indemnify Dollar Tree pursuant to the terms of Zephyr's insurance policy.

Please consider this notice that Zephyr must fulfill its obligation to indemnify and defend Dollar Tree against Plaintiff's claims in this matter.  We look forward to hearing from you promptly.  Dollar Tree reserves all of its rights, and nothing herein should be construed as a waiver thereof.

Thank you for your consideration and attention to this matter and we look forward to receipt of your prompt response.

Very truly yours,

/e/ Courtney Hays
Courtney Hays