**EXHIBIT E**

**From:** Benjamin Levites blevites@coughlinbetke.com
**Subject:** Policy No.: EPP0567788 | Claim No.: 4155597 | Pellot v. Dollar Tree Stores, Inc. et al. | Bridgeport JD, FBT-CV22-6118553-S | Additional Insured: Dollar Tree Stores, Inc.
**Date:** July 1, 2025 at 5:33 PM
**To:** Nathan_patterson@cinfin.com
**Cc:** Kevin O'Leary koleary@coughlinbetke.com

Re: Pellot v. Dollar Tree Stores, Inc. et al. Bridgeport JD, FBT-CV22-6118553-S ("Underlying Suit:)
Named Insured: Zephyr Solutions Holding LLC ("Zephyr")
Additional Insured: Dollar Tree Stores, Inc. ("Dollar Tree")
Policy No.: EPP0567788 in effect
Claim No.: 4155597

Dear Mr. Patterson:

Please see the enclosed correspondence concerning the above-captioned claim. Please contact us at your earliest convenience. Thank you.

Kin regards,
Ben


# BENJAMIN H. LEVITES
## ASSOCIATE
*Admitted in CT and NY
212-653-0380
blevites@coughlinbetke.com
COUGHLIN•BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street | Boston, MA 02110
T. (617) 988-8050 | F. (617) 988-8005




**Confidential Transmission**
The information contained in this electronic mail is intended for the named recipients only. It may contain privileged and confidential material. Any other distribution, copying or disclosure is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

Letter to N. Patterson.pdf
469 KB


# COUGHLIN BETKE LLP

**175 FEDERAL STREET**
**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: 617-988-8050
FACSIMILE: 617-988-8005

*Please send all correspondence to our Boston office for scanning.*

| | |
|---|---|
| Benjamin H. Levites, Esq. | Number: (212) 653-0380 |
| Admitted in CT and NY | Email: blevites@coughlinbetke.com |

Tuesday, July 1, 2025

*Via First Class Certified Mail, Email, and Facsimile*
Nathan Patterson
Cincinnati Insurance Co.
6200 S. Gilmore Road
Fairfield, OH 45014-5141
Nathan_patterson@cinfin.com

Re:   Pellot v. Dollar Tree Stores, Inc. et al. *Bridgeport JD, FBT-CV22-6118553-S* ("Underlying Suit:)
      Named Insured:   Zephyr Solutions Holding LLC ("Zephyr")
      Additional Insured:   Dollar Tree Stores, Inc. ("Dollar Tree")
      Policy No.:   EPP0567788 in effect
      Claim No.:   4155597

Dear Mr. Patterson :

    We represent Dollar Tree Stores, Inc. in the above-captioned matter. We write you to pursue and obtain the full insurance coverage for the above-referenced Underlying Suit to which Dollar Tree is entitled as an additional insured under the above-referenced Insurance that Cincinnati Insurance Company and Cincinnati Indemnity Company ("Cincinnati") issued to its named insured Zephyr and its additional named insured Dollar Tree.

    This letter is addressed to you because we understand you are Cincinnati's designated representative with respect to coverage for the Underlying Suit. If you contend that this letter should be sent to any other entity, department, address or person, please provide what you contend is the proper contact information and we will proceed accordingly.

| **RHODE ISLAND** | **CONNECTICUT** | **NEW HAMPSHIRE** | **NEW YORK** |
|---|---|---|---|
| 10 DORRANCE STREET | 100 PEARL STREET | 20 TRAFALGAR SQUARE | 1330 AVENUE OF THE AMERICAS |
| SUITE 700 | 14TH FLOOR | SUITE 435 | SUITE 23A |
| PROVIDENCE, RI 02903 | HARTFORD, CT 06103 | NASHUA, NH 03063 | NEW YORK, NY 10019 |
| TEL: 401-519-3637 | TEL: 860-249-7020 | TEL: 603-589-4025 | TEL: 212-653-0380 |

Nathan Patterson
Tuesday, July 1, 2025
2 of 3

  As we believe you know, on January 30, 2024, counsel for Dollar Tree sent the letter attached hereto as Exhibit A tendering the Underlying Suit to Zephyr pursuant to the indemnification provision in the Product Supply Agreement dated December 20, 2019, between Zephyr and Dollar Tree. That tender further noted that the Agreement required Zephyr to purchase and maintain minimum limits ($1,000,000 per occurrence) of general liability insurance naming Dollar Tree as an additional insured and demanded defense and indemnification thereunder.

  Although Zephyr, by counsel, denied the tender demand, to date Dollar Tree has not received a formal response to its tender (through Zephyr) of the Underlying Suit for coverage as an additional insured. This letter therefore re-tenders the Underlying Suit to Cincinnati–through you as its designated coverage representative–and demands that Cincinnati immediately [1] confirm that the policies that Cincinnati issued to Zephyr satisfy the Product Supply Agreement's minimum limits requirements, and [2] provide complete copies of each insurance policy purchased by Zephyr pursuant to its obligations set forth in the Product Supply Agreement and in effect on the date of the loss set forth above.

  A copy of the Acord Certificate of Liability Insurance, Policy Number EPP0567788, is attached hereto as Exhibit B. The Policy was in effect at all the relevant times. For the reasons set forth herein, Dollar Tree hereby demands that Cincinnati acknowledge coverage under the Policy issued to Zephyr and provide a defense and indemnity to Dollar Tree as an additional insured under the Policy.

  The claim at issue in this case involved allegations that an explosion from a Zephyr Solutions LLC helium tank and plaintiff's resulting high pressure injection injury were caused by Dollar Tree and its employees, including by failure to warn the Plaintiff about the risks of the equipment. Doc. 124 at 6, 8, 11.

  As you may know, Zephyr's responsibilities are delineated in the Product Supply Agreement. The Product Supply Agreement provides that Zephyr was to provide helium cylinders and regulators to Dollar Tree. Agmt. ¶ 5. The plaintiff alleges in her complaint that she suffered a high-pressure injection injury from the regulator. *See* Doc 124 at 6, 8, 11. Indeed, as set forth in Dollar Tree's third-party complaint against Zephyr for breach of contract and indemnification, Zephyr was further required to indemnify Dollar Tree in respect of any claims based on personal injury arising out of or in connection with a defect in the cylinder or regulator. Agmt. ¶ 10, Doc. 117 at 92-6. This is precisely what the plaintiff has alleged in this case. Thus, to the extent that Plaintiff was injured by the helium equipment, such responsibility lies with your insured.

  Further, that agreement required Zephyr carry "occurrence-based commercial general liability insurance, **covering liability arising** from premises, operations, independent contractors, **products**, completed operations, **personal injury**, advertising injury and liability assumed under an insured contract, with limits of at least $1,000,000 per occurrence, and $2,000,000 aggregate" and to name Dollar Tree as an additional insured. Agmt. ¶ 14, 14(a) (emphasis added).

| RHODE ISLAND | CONNECTICUT | NEW HAMPSHIRE | NEW YORK |
|---|---|---|---|
| 10 DORRANCE STREET | 100 PEARL STREET | 20 TRAFALGAR SQUARE | 1330 AVENUE OF THE AMERICAS |
| SUITE 700 | 14TH FLOOR | SUITE 435 | SUITE 23A |
| PROVIDENCE, RI 02903 | HARTFORD, CT 06103 | NASHUA, NH 03063 | NEW YORK, NY 10019 |
| TEL: 401-519-3637 | TEL: 860-249-7020 | TEL: 603-589-4025 | TEL: 212-653-0380 |

Nathan Patterson
Tuesday, July 1, 2025
3 of 3

      This claim unquestionable arises from a **product** under the Product Supply Agreement and arises from a **personal injury**. Dollar Tree is an additional insured on the Policy Issued by Cincinnati to Zephyr, demand is hereby made that Cincinnati acknowledge that Dollar Tree is covered under the Policy. Please take note that to the extent you dispute any of the foregoing, in Connecticut "an insurer's duty to defend, being much broader in scope and application than its duty to indemnify, is determined by reference to the allegations contained in the underlying complaint." *DaCruz v. State Farm Fire & Cas. Co.*, 268 Conn. 675, 687-689 (2004) *citing Security Ins. Co. of Hartford v. Lumbermens Mutual Casualty Co*., 264 Conn. 688, 711-712 (2003). As such, "if an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." *Id. citing Moore v. Continental Casualty Co*., 252 Conn. 405, 409 (2000).

      Accordingly, please contact us at your earliest convenience. Thank you.

Kind regards,

Benjamin H. Levites

**EXHIBIT A**

# COUGHLIN BETKE LLP

**175 FEDERAL STREET**
**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: 617-988-8050
FACSIMILE: 617-988-8005

*Please send all correspondence to our Boston office for scanning.*

Courtney Hays, Esq.  Direct Dial Number: (617) 988-8045
Admitted in CT, NY, and FL  Email: chays@coughlinbetke.com

January 30, 2024

Jacob Watson  Via email mconway@conwaystoughton.com
Zephyr Solutions LLC  Matthew G. Conway
1050 Lear Industrial Parkway  Conway Stoughton LLC
Avon, Ohio 44011  641 Farmington Avenue
  Hartford, CT 06105

Re:  Norma Pellot v. Dollar Tree Stores, Inc.
     Bridgeport Superior Court FBT-CV22-6118553-S

Dear Mr. Watson:

This office represents Dollar Tree Stores, Inc. ("Dollar Tree") in regards to a lawsuit filed by Plaintiff Norma Pellot ("Plaintiff"). Plaintiff alleges she was injured on June 16, 2022 when she was helping with a helium tank and the helium tank nozzle expelled helium into her left hand at the Dollar Tree store located at 330 Connecticut Avenue, Suite 7, Norwalk, Connecticut. ("the Premises"). As a result of this alleged incident, Plaintiff has filed suit against Dollar Tree. A copy of Plaintiff's Complaint is attached for your reference as Exhibit A. While the case was in Federal Court, the Motion to file the Third-Party Complaint against Zephyr Solutions, LLC ("Zephyr"), was granted. A copy of the Third-Party Complaint is attached for your reference as Exhibit B. As you are aware, Zephyr was and is responsible for providing the helium tank and/or nozzles for the subject Dollar Tree Store, pursuant to the Product Supply Agreement ("the Agreement") between Zephyr and Dollar Tree. A copy of the Agreement is attached hereto as Exhibit C.

**Background**

Plaintiff alleges that on June 16, 2022, she was assisting with the helium tank nozzle at the Dollar Tree Store located at 330 Connecticut Avenue, Suite 7, Norwalk, Connecticut, when the helium

| RHODE ISLAND | CONNECTICUT | NEW HAMPSHIRE | NEW YORK |
|---|---|---|---|
| 10 DORRANCE STREET | 100 PEARL STREET | 20 TRAFALGAR SQUARE | 1330 AVENUE OF THE AMERICAS |
| SUITE 700 | 14TH FLOOR | SUITE 435 | SUITE 23A |
| PROVIDENCE, RI 02903 | HARTFORD, CT 06103 | NASHUA, NH 03063 | NEW YORK, NY 10019 |
| TEL: 401-519-3637 | TEL: 860-249-7020 | TEL: 603-589-4025 | TEL: 212-653-0380 |

Jacob Watson and Matthew G. Conway
January 30, 2024
2 of 3

tank nozzle exploded while she was holding it with her fingers, injuring her. (Ex. A ¶¶ 3-4, 6.) Plaintiff further alleges that Dollar Tree failed to inspect the helium tank and/or spout, warn Plaintiff of the poor working condition of the helium tank, and failed to properly train its employees. (*Id*. ¶ 7). As a result of this alleged condition, Plaintiff claims that she sustained high pressure helium injury, deep tissue pressure injury, and compartment syndrome to her left thumb, as well as subcutaneous emphysema of her left hand, upper arm, and forearm. (*Id*. ¶ 8.) Zephyr was the entity that provided the helium tank spout/cylinder cap to the subject Dollar Tree Store. (Ex. B, ¶ 5.) If the incident occurred as Plaintiff claims it did, then it likely occurred due to a defect in the helium tank spout or a failure of the product to properly and easily affix to the helium tank, causing said incident. (*Id*. ¶ 6.) Based upon Plaintiff's allegations, Dollar Tree is hereby tendering this claim to Zephyr for defense and indemnity pursuant to the Agreement. (Ex. C § 10.)

**Discussion**

As you know, pursuant to the Agreement, Zephyr was responsible for providing the helium tanks and/or nozzles for the subject Dollar Tree store. (Ex. B ¶ 5.) These products specifically included high pressure cylinders. (Ex. C § 5.) Dollar Tree hereby makes this demand for defense and indemnity pursuant to the terms of the Agreement. It is clear under the terms of the Agreement that Zephyr was responsible for providing the subject helium tanks and/or nozzles to the Premises where Plaintiff alleges she was injured on the subject helium tank. The Agreement further expressly provides that Zephyr shall indemnify Dollar Tree for claims occurring by reason of Zephyr's provision of indemnification at the Premises:

> **10.   INDEMNIFICATION**
>
> Supplier shall indemnify customer and its parent, affiliates, directors, managers, officers, employees and agents, and their respective successors and assigns, and shall hold them harmless, from and with respect to any losses, damages, claims, costs, liabilities or expenses, including, without limitation, reasonable attorneys' fees, and including, without limitation, any such claim based on personal injury, death or property damage, arising out of or in connection with any breach of warranty or defect in any cylinder or cylinder cap.

(Ex. C § 10.)

Plaintiff alleges that she was injured due to the helium tank and/or nozzle at the Premises, a product that was provided exclusively by Zephyr pursuant to the Agreement. As such, Plaintiff's claimed incident and damages are clearly the result of Zephyr's breach of the Agreement and/or breach of the implied warranty of fitness for ordinary purpose. Therefore, it is clear that Zephyr has a duty to defend and indemnify Dollar Tree. Accordingly, Dollar Tree hereby demands defense and indemnity for the claim made by Plaintiff. In the absence of Zephyr agreeing to defend and indemnify Dollar Tree as requested herein—and as required by the Agreement—we will defend Dollar Tree and seek to recover

Jacob Watson and Matthew G. Conway
January 30, 2024
3 of 3

from Zephyr any and all expenses incurred, including, but not limited to, attorneys' fees and costs, as permitted under the terms of the Agreement.

     Additionally, independent of the duties Zephyr owes Dollar Tree in regard to the provisions of the Agreement cited above, Zephyr is also required to name "Dollar Tree Stores, Inc., its parents, subsidiaries and affiliates (direct and indirect)" as additional insureds on Zephyr's general liability insurance policy. (Ex. C § 14). As noted above, Plaintiff's allegations arise out of Zephyr's provision of services, specifically providing the subject helium tank and/or nozzles for the subject premises, at the Premises. As such, Zephyr must defend and indemnify Dollar Tree pursuant to the terms of Zephyr's insurance policy.

     Please consider this notice that Zephyr must fulfill its obligation to indemnify and defend Dollar Tree against Plaintiff's claims in this matter. We look forward to hearing from you promptly. Dollar Tree reserves all of its rights, and nothing herein should be construed as a waiver thereof.

     Thank you for your consideration and attention to this matter and we look forward to receipt of your prompt response.

     Very truly yours,

     /e/ Courtney Hays
     Courtney Hays

**RHODE ISLAND**
10 DORRANCE STREET
SUITE 700
PROVIDENCE, RI 02903
TEL: 401-519-3637

**CONNECTICUT**
100 PEARL STREET
14TH FLOOR
HARTFORD, CT 06103
TEL: 860-249-7020

**NEW HAMPSHIRE**
20 TRAFALGAR SQUARE
SUITE 435
NASHUA, NH 03063
TEL: 603-589-4025

**NEW YORK**
1330 AVENUE OF THE AMERICAS
SUITE 23A
NEW YORK, NY 10019
TEL: 212-653-0380

**EXHIBIT B**

| | | |
|---|---|---|
| ACORD™ | **CERTIFICATE OF LIABILITY INSURANCE** | DATE (MM/DD/YYYY) 6/04/2025 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer any rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | | CONTACT NAME: Robin M. Lowe | |
|---|---|---|---|
| Althans Insurance Agency, Inc. | | PHONE (A/C, No, Ext): 440 247-6422 | FAX (A/C, No): 440 247-2394 |
| 543 East Washington St. | | E-MAIL ADDRESS: rmlowe@althans.com | |
| P.O.Box 570 | | | |
| Chagrin Falls, OH  44022 | | INSURER(S) AFFORDING COVERAGE | NAIC # |
| | | INSURER A : Cincinnati Insurance Company | 10677 |
| INSURED | | INSURER B : Cincinnati Indemnity Company | 23280 |
| Zephyr Solutions Holdings LLC | | INSURER C : | |
| 1050 Lear Industrial Parkway | | INSURER D : | |
| Avon, OH  44011 | | INSURER E : | |
| | | INSURER F : | |

**COVERAGES**    CERTIFICATE NUMBER:    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **X** COMMERCIAL GENERAL LIABILITY | | | EPP0567788 | 02/06/2022 | 02/06/2023 | EACH OCCURRENCE | $1,000,000 |
| | ☐ CLAIMS-MADE  **X** OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $500,000 |
| | | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | ☐ POLICY  ☐ PRO-JECT  ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | ☐ OTHER: | | | | | | | $ |
| A | AUTOMOBILE LIABILITY | | | EPP0567788 | 02/06/2022 | 02/06/2023 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ OWNED AUTOS ONLY  ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | **X** HIRED AUTOS ONLY  **X** NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | **X** UMBRELLA LIAB  **X** OCCUR | | | EPP0567788 | 02/06/2022 | 02/06/2023 | EACH OCCURRENCE | $2,000,000 |
| | ☐ EXCESS LIAB  ☐ CLAIMS-MADE | | | | | | AGGREGATE | $2,000,000 |
| | ☐ DED  **X** RETENTION $0 | | | | | | | $ |
| B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  Y / N | | | EWC0607713 | 02/06/2022 | 02/06/2023 | ☐ PER STATUTE  ☐ OTHER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? **N** (Mandatory in NH) | | N/A | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Dollar Tree Stores, Inc. l Family Dollar Stores, Inc. are named as an additional insured for General Liability when required by written contract with the named insured.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Dollar Tree Stores, Inc. l  Family Dollar Stores, Inc.  500 Volvo Pkwy  Chesapeake, VA  23320-1604 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.  AUTHORIZED REPRESENTATIVE  *[signature]* |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)    1 of 1    The ACORD name and logo are registered marks of ACORD
#S995569/M846917                                                                                     DAZ