**EXHIBIT G**

**From:** James, John John_James@CINFIN.com
**Subject:** RE: CIC Claim #: 4155597 -Norma Pellot v. Dollar Tree Stores, Inc.
**Date:** July 11, 2025 at 4:13 PM
**To:** Benjamin Levites blevites@coughlinbetke.com
**Cc:** Kevin O'Leary koleary@coughlinbetke.com

Benjamin,

Attached is my response to your email.

Best Regards,

**John James** | **CPCU, MBA, AAI, AIC, AIC-M, AIDA, AIM, AINS, AIT, AIS, SCLA**
Casualty Litigation Specialist IV – Mid Atlantic Region
Cincinnati Insurance
P. O. Box 145496, Cincinnati, OH 45250-5496
Ph: 513-973-3469

***Confidentiality notice:*** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our* [privacy policy](#)*.*

**From:** Benjamin Levites <blevites@coughlinbetke.com>
**Sent:** Wednesday, July 9, 2025 9:12 AM
**To:** James, John <John_James@CINFIN.com>
**Cc:** Kevin O'Leary <koleary@coughlinbetke.com>
**Subject:** Re: CIC Claim #: 4155597 -Norma Pellot v. Dollar Tree Stores, Inc.

Dear John,

Further to the below, please be advised that the parties have confirmed the second day of mediation with Attorney Robert Hickey of Ryan Ryan Deluca for July 22, 2025, at which counsel for Zephyr will be attending and participating in the mediation.

At yesterday's status conference before Judge Welch, the presiding judge of the Bridgeport Superior Court, the judge did not continue the August 13, 2025 trial date, and set the matter down for another conference July 24, 2025, should the case not resolve at the mediation.

Thus, there is a time sensitivity in this matter. Please advise soonest. I am available to discuss further at your convenience on my mobile, 203-644-4898. Thank you.

Kind regards,
Ben

**BENJAMIN H. LEVITES**
ASSOCIATE
*Admitted in CT and NY
212-653-0380
blevites@coughlinbetke.com
COUGHLIN◦BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street  |  Boston, MA 02110
T. (617) 988-8050  |  F. (617) 988-8005

 

Confidential Transmission
The information contained in this electronic mail is intended for the named recipients only.  It may contain privileged and confidential material.  Any other distribution, copying or disclosure is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

On Jul 7, 2025, at 2:17 PM, Benjamin Levites <blevites@coughlinbetke.com> wrote:

Dear John,

Thank you for calling me back so quickly today. Per our conversation please see the enclosed correspondence sent to your colleague Nathan Patterson, together with the Acord certificate of insurance for Policy No.:
EPP0567788 identifying Dollar Tree Stores, Inc. as an additional insured. I am available to discuss further at your convenience.

Kind regards,
Ben

**BENJAMIN H. LEVITES**
ASSOCIATE
*Admitted in CT and NY
212-653-0380

blevites@coughlinbetke.com
COUGHLIN◦BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street | Boston, MA 02110
T. (617) 988-8050 | F. (617) 988-8005




Confidential Transmission

The information contained in this electronic mail is intended for the named recipients only. It may contain privileged and confidential material. Any other distribution, copying or disclosure is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

On Jul 7, 2025, at 10:18 AM, James, John <John_James@CINFIN.com> wrote:

 **IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender John_James@CINFIN.com**

Mr. Levites,

Please see Cincinnati Insurance's response to your letter of July 1, 2025.

Best Regards,

**John James | CPCU, MBA, AAI, AIC, AIC-M, AIDA, AIM, AINS, AIT, AIS, SCLA**
Casualty Litigation Specialist IV – Mid Atlantic Region
Cincinnati Insurance
P. O. Box 145496, Cincinnati, OH 45250-5496
Ph: 513-973-3469

*Confidentiality notice:* *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized*

*review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our [privacy policy](.).*

<Cl 4155597 .docx>

**Cl 4155597 AI response.pdf**
243 KB


The Cincinnati Insurance Company ▪ The Cincinnati Indemnity Company
The Cincinnati Casualty Company ▪ The Cincinnati Specialty Underwriters Insurance Company
The Cincinnati Life Insurance Company

July 11, 2025

Benjamin H. Levites, Esq.      Sent via email only to: blevites@coughlinbetke.com
Coughline Betke LLP
175 Federal Street
Boston, MA 02110

RE: Claim Number:      4155597
    Insured:     Zephyr Solutions Holdings LLC
    Your Client:     Dollar Tree Stores, Inc.
    Case:     Norma Pellot v. Dollar Tree Stores, Inc.
           Bridgeport Superior Court FVT-CV22-6118553-S

Dear Attorney Levites:

The purpose of this letter is to serve as a response to your phone call of July 7th and your email dated July 9, 2025. You had requested I respond to Dollar Tree Stores, Inc. ("Dollar Tree") request for additional insured status under the Zephyr Solutions LLC ("Zephyr") policy of insurance with Cincinnati Insurance Company ("CIC"). You stated in your letter:

> This claim unquestionable arises from a product under the Product Supply Agreement and arises from a personal injury. Dollar Tree is an additional insured on the Policy Issued by Cincinnati to Zephyr, demand is hereby made that Cincinnati acknowledge that Dollar Tree is covered under the Policy.

The Additional Insured language for Dollar Tree is found in our policy form Commercial General Liability Broadened Endorsement GA210 (09/17). The additional insured language reads as follows:

**Automatic Additional Insured - Specified Relationships**

a. The following is added to **Section II - Who Is An Insured**:

    **(1)** Any person(s) or organization(s) described in Paragraph **8.a.(2)** of this endorsement (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of a written contract, written agreement, written permit or written authorization.

    **(2)** Only the following persons or organizations are additional insureds under this endorsement, and insurance coverage provided to such additional insureds is limited as provided herein:

       **(c) Vendors**

       Any person or organization (referred to below as vendor) with whom you have agreed per Paragraph **8.a.(1)** of this endorsement to provide insurance, but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business, subject to the following additional exclusions:

          **(i)** The insurance afforded the vendor does not apply to:

             **1)** "Bodily injury" or "property damage" for which the vendor is obligated to pay damages by reason of the assumption of liability in a contract or

agreement. This exclusion does not apply to liability for damages that the vendor would have in the absence of the contract or agreement;

2) Any express warranty unauthorized by you;

3) Any physical or chemical change in the product made intentionally by the vendor;

4) Repackaging, except when unpacked solely for the purpose of inspection, demonstration, testing, or the substitution of parts under instructions from the manufacturer, and then repackaged in the original container;

5) Any failure to make such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products;

6) Demonstration, installation, servicing or repair operations, except such operations performed at the vendor's premises in connection with the sale of the product;

7) Products which, after distribution or sale by you, have been labeled or relabeled or used as a container, part or ingredient of any other thing or substance by or for the vendor; or

8) "Bodily injury" or "property damage" arising out of the sole negligence of the vendor for its own acts or omissions or those of its employees or anyone else acting on its behalf. However, this exclusion does not apply to:

   a) The exceptions contained in Paragraphs **(c) (i) 4)** or **6)** of this endorsement; or

   b) Such inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products.

(ii) This insurance does not apply to any insured person or organization:

1) From whom you have acquired such products, or any ingredient, part or container, entering into, accompanying or containing such products; or

2) When liability included within the "products-completed operations hazard" has been excluded under this Coverage Part with respect to such products.

The plaintiff alleges that she was injured while operating a helium tank and/or nozzle under the supervision and with the permission of Dollar Tree employees.  Further, deposition testimony indicates Dollar Tree employees attempted to use a regulator on which the tilt valve was broken. Instead of advising their customer they would be unable to fill their balloon order, the Dollar Tree worker put a piece of painting tape over the tilt valve entry hole which, ultimately, caused the plaintiff's injury. Certainly, this would not be an anticipated or expected use of the product. or the nozzle that were used by the plaintiff.

Accordingly, it is clear that the injuries and losses  the plaintiff claims to have sustained were caused solely by the negligence of Dollar Tree and its employees. Exclusion 8 cited above is on point with the facts of this loss, therefore, CIC will not provide Additional Insured status to Dollar Tree.

Pursuant to Paragraph 10 of the Agreement, Dollar Tree is required to indemnify and hold harmless Zephyr from any losses, damages, claims, costs, liabilities or expenses arising out of Dollar Tree's negligent use of products and/or cylinders. Because the plaintiff's claimed injuries arise out of the

negligence of Dollar Tree and its employees, Dollar Tree is required to indemnify and hold harmless Zephyr should plaintiff revive her claim against Zephyr.

Please let me know if you have questions.

Best Regards,

*[signature: John James]*

John James, CPCU, MBA, AIC, AIC-M, AIDA, AIM, AINS, AIS, AIT, SCLA
Litigation Specialist IV, Mid-Atlantic Region – Casualty Claims


CC: CMS File # 4155597