**EXHIBIT H**

From: Benjamin Levites <blevites@coughlinbetke.com>
Subject: Re: CIC Claim #: 4155597 -Norma Pellot v. Dollar Tree Stores, Inc.
Date: July 14, 2025 at 10:51:22 AM EDT
To: "James, John" <John_James@CINFIN.com>
Cc: Kevin O'Leary <koleary@coughlinbetke.com>

Dear John,

As an initial matter, we requested that Cincinnati provide the full policy to Dollar Tree that you excerpted in your letter below on July 1. Please provide that policy in the first instance.

As an additional insured defending a claim arising from personal injury and products liability, Dollar Tree is entitled to $2 million in coverage per the certificate of insurance.

Your position that the plaintiff's claimed injuries "were caused solely by the negligence of Dollar Tree and its employees" and therefore the exclusion you cited applies, is at variance with the record evidence in this case. This includes subsequent depositions of the only two other witnesses to the accident giving rise to this claim enclosed, that of Dollar Tree employees Tiasia Brown and Krystal Boothe, as well as the design and warning defect expert witnesses disclosed by Dollar Tree.

We enclose Brown's transcript here for your reference. As you will note, Tiasia Brown testified as follows on questioning from plaintiff's counsel:
Q How did her hand blow up?
A She put her hand on the helium tank and it was on, and then the air got onto her hand.
**Q Did you see -- did she just go up to helium tank unprompted and use it?**
**A Yes.**
 Brown Tr. at 29 (emphasis added). Ms. Boothe's deposition was only taken on June 12, 2025, so her transcript is not yet available. However, counsel for Zephyr was in attendance and questioned Ms. Boothe at her deposition as well, and can confirm that she testified to the following, among other things:
   •   that, concerning the regulator, "no parts were missing" and "both sides were on at the time";
   •   that, concerning the regulators generally, "some of the nozzles did not work" and that "sometimes we had problems with the nozzles–putting them on and them staying on, air coming out of them"
   •   that, contrary to the plaintiff's version of events, the injury occurred "on the first attempt with the first balloon" (no tape); and
   •   that the plaintiff "was in a rush and kind of took over" and "took it upon herself to help me with the nozzle because she wanted her balloons".

In sum, Brown and Boothe's testimony, at a minimum, contradicts the plaintiff's testimony that three regulators were used, that a Dollar Tree employee solicited her assistance, and that the employee affixed tape over a missing tilt valve. Brown and

Boothe's testimony, at a minimum, shows that the plaintiff was contributorily negligent.

Thus, Cincinnati's position that the plaintiff's claimed injuries were caused "solely by the negligence of Dollar Tree"–necessarily a high bar–is not borne out by the record evidence in this case. In fact, should this case–and the plaintiff's $10 million demand–proceed to a jury verdict in favor of the plaintiff, in which the plaintiff is assessed even 1% in contributory negligence, the exclusion will necessarily not apply. In that case, **Cincinnati's breach of its duty to defend will necessarily trigger its duty to indemnify, up to the limit of liability fixed by the policy ($2 million):**
It is well settled that an insurer who maintains that a claim is not covered under its insurance policy can either refuse to defend or it [can] defend under a reservation of its right to contest coverage under the various avenues which would subsequently be open to it for that purpose . . . An insurer who chooses not to provide its insured with a defense and who is subsequently found to have breached its duty to do so must bear the consequences of its decision, including the payment of any reasonable settlement agreed to by the plaintiff and the insured . . . Moreover, an insurer, after breaking the contract by its unqualified refusal to defend, should not thereafter be permitted to seek the protection of that contract in avoidance of its indemnity provisions. Nor should the insurer be permitted, by its breach of the contract, to cast upon the insured the difficult burden of proving a causal relation between the insurer's breach of the duty to defend and the results which are claimed to have flowed from it. Where an insurer is guilty of a breach of its contract to defend, it is liable to pay to the insured not only his reasonable expenses in conducting his own defense but, in the absence of fraud or collusion,  the amount of a judgment or settlement obtained against the insured up to the limit of liability fixed by its policy.
*See Black v. Goodwin, Loomis & Britton, Inc*., 239 Conn. 144, 152-53, 681 A.2d 293 (1996); *Hartford Casualty Ins. Co. v. Litchfield Mutual Fire Ins. Co.,* 274 Conn. 470 (2005).

Further, should this case proceed to a jury verdict in favor of Dollar Tree's third party claims against Zephyr which include indemnification, in which the jury agrees that Zephyr's regulator was defectively designed and defective in its **undisputed failure to warn against high pressure injection injuries**–claims which are supported by Dollar Tree's expert witnesses David Smith, MS, MBA, PE, CSP and Athos C. Macris MS, respectively–and those defects proximately caused plaintiff's injury, Cincinnati will again be liable for the breach of its duty to defend and indemnify Dollar Tree up to the limit of liability fixed by the policy of $2 million.

Finally, the cited exclusion exempts claims arising from the vendor's (Dollar Tree's) "inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products." Installation of the regulator is obviously an adjustment and service that Dollar Tree has agreed to make in the usual course of business and in the distribution and sale of its balloon products.

The cited exclusion does not apply, and Cincinnati's failure to defend and indemnify Dollar Tree in spite of all the foregoing therefore exposes Cincinnati to additional damages for bad faith and violation of the Connecticut Unfair Trade Practices Act. *See PSE Consulting, Inc. v. Frank Mercede & Sons, Inc*., 267 Conn. 279, 305 (2004).

Again, the mediation is proceeding on July 22, 2025. Please call me as soon as possible to discuss this matter. Thank you.

Kind regards,
Ben


# BENJAMIN H. LEVITES
## ASSOCIATE
*Admitted in CT and NY
212-653-0380
blevites@coughlinbetke.com
COUGHLIN◦BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street  |  Boston, MA 02110
T. (617) 988-8050  |  F. (617) 988-8005



Confidential Transmission
The information contained in this electronic mail is intended for the named recipients only.  It may contain privileged and confidential material.  Any other distribution, copying or disclosure is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.


On Jul 11, 2025, at 4:10 PM, James, John <John_James@CINFIN.com> wrote:

Benjamin,

Attached is my response to your email.

Best Regards,

**John  James | CPCU, MBA, AAI, AIC, AIC-M,  AIDA, AIM, AINS, AIT, AIS, SCLA**
Casualty Litigation Specialist IV – Mid Atlantic Region
Cincinnati Insurance
P. O. Box 145496, Cincinnati, OH 45250-5496
Ph: 513-973-3469

**Confidentiality notice:** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our [privacy policy](privacy policy).*

**From:** Benjamin Levites <blevites@coughlinbetke.com>
**Sent:** Wednesday, July 9, 2025 9:12 AM
**To:** James, John <John_James@CINFIN.com>
**Cc:** Kevin O'Leary <koleary@coughlinbetke.com>
**Subject:** Re: CIC Claim #: 4155597 -Norma Pellot v. Dollar Tree Stores, Inc.

Dear John,

Further to the below, please be advised that the parties have confirmed the second day of mediation with Attorney Robert Hickey of Ryan Ryan Deluca for July 22, 2025, at which counsel for Zephyr will be attending and participating in the mediation.

At yesterday's status conference before Judge Welch, the presiding judge of the Bridgeport Superior Court, the judge did not continue the August 13, 2025 trial date, and set the matter down for another conference July 24, 2025, should the case not resolve at the mediation.

Thus, there is a time sensitivity in this matter. Please advise soonest. I am available to discuss further at your convenience on my mobile, 203-644-4898. Thank you.

Kind regards,
Ben

# BENJAMIN H. LEVITES
## ASSOCIATE
*Admitted in CT and NY
212-653-0380
blevites@coughlinbetke.com
COUGHLIN∘BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street  |  Boston, MA 02110
T. (617) 988-8050  |  F. (617) 988-8005

 

Confidential Transmission
The information contained in this electronic mail is intended for the named recipients only.  It may contain privileged and confidential material.  Any other distribution, copying or disclosure is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission

without making a copy.


On Jul 7, 2025, at 2:17 PM, Benjamin Levites <blevites@coughlinbetke.com> wrote:

Dear John,

Thank you for calling me back so quickly today. Per our conversation please see the enclosed correspondence sent to your colleague Nathan Patterson, together with the Acord certificate of insurance for Policy No.:
EPP0567788 identifying Dollar Tree Stores, Inc. as an additional insured. I am available to discuss further at your convenience.

Kind regards,
Ben



# BENJAMIN H. LEVITES
## ASSOCIATE
*Admitted in CT and NY
212-653-0380

blevites@coughlinbetke.com

COUGHLIN◦BETKE LLP

Massachusetts | Connecticut | New Hampshire | New York | Rhode Island

Main Office

175 Federal Street  |  Boston, MA 02110

T. (617) 988-8050  |  F. (617) 988-8005




**Confidential Transmission**

The information contained in this electronic mail is intended for the named recipients only. It may contain privileged and confidential material. Any other distribution, copying or disclosure is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

On Jul 7, 2025, at 10:18 AM, James, John <John_James@CINFIN.com> wrote:



IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender John_James @ CINFIN.com

Mr. Levites,

Please see Cincinnati Insurance's response to your letter of July 1, 2025.

Best Regards,

**John James** | **CPCU, MBA, AAI, AIC, AIC-M, AIDA, AIM, AINS, AIT, AIS, SCLA**
Casualty Litigation Specialist IV – Mid Atlantic Region
Cincinnati Insurance
P. O. Box 145496, Cincinnati, OH 45250-5496
Ph: 513-973-3469

**Confidentiality notice:** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our [privacy policy](#).*

\<Cl 4155597 .docx\>

\<Cl 4155597 AI response.pdf\>