**EXHIBIT K**

**From:** Benjamin Levites blevites@coughlinbetke.com
**Subject:** Re: CIC Claim #: 4155597 -Norma Pellot v. Dollar Tree Stores, Inc.
**Date:** July 16, 2025 at 2:28 PM
**To:** May, Tim Tim_May@CINFIN.com
**Cc:** Kevin O'Leary koleary@coughlinbetke.com, John_James@cinfin.com John_James@CINFIN.com, Nathan_patterson@cinfin.com

Dear Tim:

As an initial matter, please do send on the complete policy under which Dollar Tree is a named additional insured as previously requested.

Further to the below, Dollar Tree reiterates its demand for acknowledgement of coverage, defense, and indemnity.

*First,* the Endorsement has no limitation or requirement that Dollar Tree distribute or sell the regulator itself order to be entitled to coverage as a Vendor as that term defined in the Endorsement.

§ 8 (a)(1) of the Endorsement provides that in relevant part that the the following language is added to the policy under "Who is an Insured" :
> any organization described in ¶ 8(a)(2) of this Endorsement whom you are required to add as an additional insured under this Coverage part by reason of a written contract, written agreement, written permit or authorization.

As discussed on our call yesterday, Dollar Tree was required to be added as an additional insured by reason of a written contract and agreement, to wit, the Product Supply Agreement dated December 20, 2019 by and between Zephyr Solutions, LLC and Dollar Tree. Thus, Dollar Tree clearly falls within the ambit of § 8 (a)(1) of the Endorsement.

§ 8 (a)(1) of the Endorsement then references § 8(a)(2) of the Endorsement, which further describes the organizations that "are additional insureds under the Endorsement" and the the limitations of the "insurance coverage provided to such additional insureds."

§ 8(a)(2)(c) of the Endorsement, which you contend contains the applicable provision here, states that:

> Any person or organization (referred to below as vendor) with whom you have agreed per Paragraph 8.a.(1) of this endorsement to provide insurance, but only with respect to "bodily injury" or "property damage" arising out of "your products" which are distributed or sold in the regular course of the vendor's business

The limitation does not apply here, where Dollar Tree contracted with Zephyr under the Purchase Agreement to purchase **helium (which it distributed and sold in the regular course of its business) and the necessary products for the sale of the helium, including tanks, inflators, and cylinder caps**. *See* Exhibit A to the Product Supply Agreement, enclosed here for your reference. Thus, Dollar Tree is entitled to coverage under the policy.

*Second,* the Purchase Agreement required Zephyr to obtain insurance naming Dollar Tree as an additional insured. The Purchase Agreement states in relevant part:

> INSURANCE TO BE CARRIED. During the Term of this Agreement, Supplier shall maintain a primary policy of: (a) occurrence-based commercial general liability insurance, covering liability arising from premises, operations, independent contractors, products, completed operations, personal injury, advertising injury and liability assumed under an insured contract, with limits of at least $1,000,000 per occurrence, and $2,000,000 aggregate; (b) Workers Compensation of at least $500,000 or such greater amount as is required by law for the state(s) in which the work is performed; (c) Auto Liability Coverage of at least $5,000,000; (d) Employer's Liability of at least $1,000,000 each accident, $1,000,000 each employee for disease, and $1,000,000 policy limit for disease; (e) Primary Commercial Blanket Bond of at least $200,000 each employee; (f) Umbrella Liability of at least $25,000,000 per occurrence and $25,000,000 aggregate; and (g) Pollution Liability of at least $2,000,000 per occurrence; and, (i) Privacy and Network Liability of at least $10,000,000 per claim, and $10,000,000 aggregate, including Data Breach Fund and Regulatory Proceeding. Self-insurance is not acceptable. Supplier's general liability policy must name Dollar Tree Stores, Inc., its parents, subsidiaries and affiliates (direct and indirect) as additional insured and must be underwritten by an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category rating of a least Class VIII. All Supplier policies must state the insurance is primary and that any insurance policy owned by Dollar Tree Stores, Inc., its parents, subsidiaries and affiliates (direct and indirect) will be considered as excess and non-contributory to the underlying policy. Products and completed operations coverage shall be maintained not only during the Term of this Agreement but also for at least three (3) years after expiration or termination of this Agreement.

Setting aside for the moment that the insurance secured by Zephyr (the Supplier) appears to have been less than the required amounts–including that the umbrella is only $ 2 million, instead of $25 million–if Cincinnati is now taking the position that its insured, Zephyr, failed to secure the requisite personal injury coverage for Dollar Tree because Dollar Tree is somehow not a "Vendor" and is therefore not entitled to **any** insurance coverage from Cincinnati, **Dollar Tree will then be entitled to judgment as a matter of law on its breach of contract claim against Zephyr for its failure to secure the requisite insurance, on which Cincinnati will presumably be required to pay.**

Thus, Dollar Tree is entitled to coverage from Cincinnati. Should Cincinnati persist in its refusal to both defend and indemnify in willful disregard of the foregoing, it will be exposed to damages for bad faith and treble damages under the Connecticut Unfair Trade Practices Act, in addition to exposing its insured to breach of contract liability.

Kind regards,
Ben

# BENJAMIN H. LEVITES
## ASSOCIATE
*Admitted in CT and NY
212-653-0380
blevites@coughlinbetke.com

blevites@coughlinbetke.com
COUGHLIN•BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street | Boston, MA 02110
T. (617) 988-8050 | F. (617) 988-8005



**Confidential Transmission**
The information contained in this electronic mail is intended for the named recipients only. It may contain privileged and confidential material. Any other distribution, copying or disclosure is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

> On Jul 14, 2025, at 3:41 PM, Benjamin Levites <blevites@coughlinbetke.com> wrote:
>
> Thank you for sending this endorsement Tim. Please provide the policy EPP0567788 as well as requested previously for our review. I've enclosed the certificate for your reference to assist with this. We will get back to you shortly.
>
> Kind regards,
> Ben
>
>
> # BENJAMIN H. LEVITES
> ## ASSOCIATE
> *Admitted in CT and NY
> 212-653-0380
> blevites@coughlinbetke.com
> COUGHLIN•BETKE LLP
> Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
> Main Office
> 175 Federal Street | Boston, MA 02110
> T. (617) 988-8050 | F. (617) 988-8005
>
> 
>
> Confidential Transmission
> The information contained in this electronic mail is intended for the named recipients only. It may contain privileged and confidential material. Any other distribution, copying or disclosure is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.
>
>> On Jul 14, 2025, at 3:30 PM, May, Tim <Tim_May@CINFIN.com> wrote:
>>
>>  IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender Tim_May@CINFIN.com
>>
>> Benjamin
>>
>> I appreciate your response. As noted in our conversation John's letter clearly spells out the automatic additional insured endorsement. I have attached a full copy of the endorsement for your review. It is my understanding Dollar Tree was not distributing or

endorsement for your review. It is my understanding Dollar Tree was not distributing or selling the regulator and would not be a vendor in this case.

Thanks

Tim May CPCU, AIC
Casualty Litigation Specialist II
Cincinnati Insurance Companies
P. O. Box 145496
Cincinnati, OH 45250-5496
Office 513-973-3101
Fax  513-881-8522

**Confidentiality notice:** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our privacy policy.*

---

**From:** Benjamin Levites <blevites@coughlinbetke.com>
**Sent:** Monday, July 14, 2025 12:47 PM
**To:** May, Tim <Tim_May@CINFIN.com>
**Cc:** Kevin O'Leary <koleary@coughlinbetke.com>; James, John <John_James@CINFIN.com>
**Subject:** Re: CIC Claim #: 4155597 -Norma Pellot v. Dollar Tree Stores, Inc.

Dear Tim,

Per our discussion, please see John's most recent response in respect of the above-captioned claim enclosed, together with my reply of this morning below. Please call me once you have had an opportunity to review on my mobile 203-644-4898, I am available at your convenience. As I mentioned, the mediation is proceeding on July 22, which is the date that John's out-of-office message indicated he would be returning. Thank you for your attention to this matter.

Kind regards,
Ben


## BENJAMIN H. LEVITES
ASSOCIATE
*Admitted in CT and NY
212-653-0380
blevites@coughlinbetke.com
COUGHLIN○BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street  |  Boston, MA 02110

T. (617) 988-8050 | F. (617) 988-8005

**Confidential Transmission**
The information contained in this electronic mail is intended for the named recipients only.  It may contain privileged and confidential material.  Any other distribution, copying or disclosure is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

> On Jul 14, 2025, at 10:51 AM, Benjamin Levites <blevites@coughlinbetke.com> wrote:
>
> Dear John,
>
> As an initial matter, we requested that Cincinnati provide the full policy to Dollar Tree that you excerpted in your letter below on July 1. Please provide that policy in the first instance.
>
> As an additional insured defending a claim arising from personal injury and products liability, Dollar Tree is entitled to $2 million in coverage per the certificate of insurance.
>
> Your position that the plaintiff's claimed injuries "were caused solely by the negligence of Dollar Tree and its employees" and therefore the exclusion you cited applies, is at variance with the record evidence in this case. This includes subsequent depositions of the only two other witnesses to the accident giving rise to this claim enclosed, that of Dollar Tree employees Tiasia Brown and Krystal Boothe, as well as the design and warning defect expert witnesses disclosed by Dollar Tree.
>
> We enclose Brown's transcript here for your reference. As you will note, Tiasia Brown testified as follows on questioning from plaintiff's counsel:
>
>> Q How did her hand blow up?
>> A She put her hand on the helium tank and it was on, and then the air got onto her hand.
>> **Q Did you see -- did she just go up to helium tank unprompted and use it?**
>> **A Yes.**
>
> Brown Tr. at 29 (emphasis added). Ms. Boothe's deposition was only taken on June 12, 2025, so her transcript is not yet available. However, counsel for Zephyr was in attendance and questioned Ms. Boothe at her deposition as well, and can confirm that she testified to the following, among other things:
>
> - that, concerning the regulator, "no parts were missing" and "both sides were on at the time";
> - that, concerning the regulators generally, "some of the nozzles did not work" and that "sometimes we had problems with the nozzles–putting them on and them staying on, air coming out of them"

- that, contrary to the plaintiff's version of events, the injury occurred "on the first attempt with the first balloon" (no tape); and
- that the plaintiff "was in a rush and kind of took over" and "took it upon herself to help me with the nozzle because she wanted her balloons".

In sum, Brown and Boothe's testimony, at a minimum, contradicts the plaintiff's testimony that three regulators were used, that a Dollar Tree employee solicited her assistance, and that the employee affixed tape over a missing tilt valve. Brown and Boothe's testimony, at a minimum, shows that the plaintiff was contributorily negligent.

Thus, Cincinnati's position that the plaintiff's claimed injuries were caused "solely by the negligence of Dollar Tree"–necessarily a high bar–is not borne out by the record evidence in this case. In fact, should this case–and the plaintiff's $10 million demand–proceed to a jury verdict in favor of the plaintiff, in which the plaintiff is assessed even 1% in contributory negligence, the exclusion will necessarily not apply. In that case, **Cincinnati's breach of its duty to defend will necessarily trigger its duty to indemnify, up to the limit of liability fixed by the policy ($2 million):**

> It is well settled that an insurer who maintains that a claim is not covered under its insurance policy can either refuse to defend or it [can] defend under a reservation of its right to contest coverage under the various avenues which would subsequently be open to it for that purpose . . . An insurer who chooses not to provide its insured with a defense and who is subsequently found to have breached its duty to do so must bear the consequences of its decision, including the payment of any reasonable settlement agreed to by the plaintiff and the insured . . . Moreover, an insurer, after breaking the contract by its unqualified refusal to defend, should not thereafter be permitted to seek the protection of that contract in avoidance of its indemnity provisions. Nor should the insurer be permitted, by its breach of the contract, to cast upon the insured the difficult burden of proving a causal relation between the insurer's breach of the duty to defend and the results which are claimed to have flowed from it. Where an insurer is guilty of a breach of its contract to defend, it is liable to pay to the insured not only his reasonable expenses in conducting his own defense but, in the absence of fraud or collusion, the amount of a judgment or settlement obtained against the insured up to the limit of liability fixed by its policy.

*See Black v. Goodwin, Loomis & Britton, Inc.*, 239 Conn. 144, 152-53, 681 A.2d 293 (1996); *Hartford Casualty Ins. Co. v. Litchfield Mutual Fire Ins. Co.,* 274 Conn. 470 (2005).

Further, should this case proceed to a jury verdict in favor of Dollar Tree's third party claims against Zephyr which include indemnification, in which the jury agrees that Zephyr's regulator was defectively designed and defective in its **undisputed failure to warn against high pressure injection injuries**–claims which are supported by Dollar Tree's expert witnesses David Smith, MS, MBA, PE, CSP and Athos C. Macris MS, respectively–and those defects proximately caused plaintiff's injury, Cincinnati will again be liable for the breach of its duty to defend and indemnify Dollar Tree up to the limit of liability fixed by the policy of $2 million.

Finally, the cited exclusion exempts claims arising from the vendor's (Dollar Tree's) "inspections, adjustments, tests or servicing as the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products." Installation of the regulator is obviously an adjustment and service that Dollar Tree has agreed to make in the usual course of business and in the distribution and sale of its balloon products.

The cited exclusion does not apply, and Cincinnati's failure to defend and indemnify Dollar Tree in spite of all the foregoing therefore exposes Cincinnati to additional damages for bad faith and violation of the Connecticut Unfair Trade Practices Act. *See PSE Consulting, Inc. v. Frank Mercede & Sons, Inc.*, 267 Conn. 279, 305 (2004).

Again, the mediation is proceeding on July 22, 2025. Please call me as soon as possible to discuss this matter. Thank you.

Kind regards,
Ben

## BENJAMIN H. LEVITES
### ASSOCIATE
*Admitted in CT and NY
212-653-0380
[blevites@coughlinbetke.com](mailto:blevites@coughlinbetke.com)
COUGHLIN◦BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street  |  Boston, MA 02110
T. (617) 988-8050  |  F. (617) 988-8005

Confidential Transmission
The information contained in this electronic mail is intended for the named recipients only.  It may contain privileged and confidential material.  Any other distribution, copying or disclosure is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

> On Jul 11, 2025, at 4:10 PM, James, John <[John_James@CINFIN.com](mailto:John_James@CINFIN.com)> wrote:
>
> Benjamin,
>
> Attached is my response to your email.
>
> Best Regards,
>
>
> **John  James** | **CPCU, MBA, AAI, AIC, AIC-M,  AIDA, AIM, AINS, AIT, AIS, SCLA**
> Casualty Litigation Specialist IV – Mid Atlantic Region
> Cincinnati Insurance
> P. O. Box 145496, Cincinnati, OH 45250-5496
> Ph: 513-973-3469
>
>
> **Confidentiality notice:** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific*

*information, please visit our [privacy policy](privacy policy).*

---

**From:** Benjamin Levites <blevites@coughlinbetke.com>
**Sent:** Wednesday, July 9, 2025 9:12 AM
**To:** James, John <John_James@CINFIN.com>
**Cc:** Kevin O'Leary <koleary@coughlinbetke.com>
**Subject:** Re: CIC Claim #: 4155597 -Norma Pellot v. Dollar Tree Stores, Inc.

Dear John,

Further to the below, please be advised that the parties have confirmed the second day of mediation with Attorney Robert Hickey of Ryan Ryan Deluca for July 22, 2025, at which counsel for Zephyr will be attending and participating in the mediation.

At yesterday's status conference before Judge Welch, the presiding judge of the Bridgeport Superior Court, the judge did not continue the August 13, 2025 trial date, and set the matter down for another conference July 24, 2025, should the case not resolve at the mediation.

Thus, there is a time sensitivity in this matter. Please advise soonest. I am available to discuss further at your convenience on my mobile, 203-644-4898. Thank you.

Kind regards,
Ben

# BENJAMIN H. LEVITES
## ASSOCIATE
*Admitted in CT and NY
212-653-0380
blevites@coughlinbetke.com
COUGHLIN○BETKE LLP
Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
Main Office
175 Federal Street | Boston, MA 02110
T. (617) 988-8050 | F. (617) 988-8005

Confidential Transmission
The information contained in this electronic mail is intended for the

named recipients only.  It may contain privileged and confidential material.  Any other distribution, copying or disclosure is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

> On Jul 7, 2025, at 2:17 PM, Benjamin Levites <blevites@coughlinbetke.com> wrote:
>
> Dear John,
>
> Thank you for calling me back so quickly today. Per our conversation please see the enclosed correspondence sent to your colleague Nathan Patterson, together with the Acord certificate of insurance for Policy No.: EPP0567788 identifying Dollar Tree Stores, Inc. as an additional insured. I am available to discuss further at your convenience.
>
> Kind regards,
> Ben
>
>
> ### BENJAMIN H. LEVITES
> ASSOCIATE
> *Admitted in CT and NY
> 212-653-0380
> blevites@coughlinbetke.com
> COUGHLIN◦BETKE LLP
> Massachusetts | Connecticut | New Hampshire | New York | Rhode Island
> Main Office
> 175 Federal Street  |  Boston, MA 02110
> T. (617) 988-8050  |  F. (617) 988-8005
>
>
> Confidential Transmission
> The information contained in this electronic mail is intended for the named recipients only.  It may contain privileged and confidential material.  Any other

distribution, copying or disclosure is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone and delete the original transmission without making a copy.

> On Jul 7, 2025, at 10:18 AM, James, John <John_James@CINFIN.com> wrote:
>
> **IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender John_James@CINFIN.com**
>
> Mr. Levites,
>
> Please see Cincinnati Insurance's response to your letter of July 1, 2025.
>
> Best Regards,
>
> **John  James | CPCU, MBA, AAI, AIC, AIC-M, AIDA, AIM, AINS, AIT, AIS, SCLA**
> Casualty Litigation Specialist IV – Mid Atlantic Region
> Cincinnati Insurance
> P. O. Box 145496, Cincinnati, OH 45250-5496
> Ph: 513-973-3469
>
> **Confidentiality notice:** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our privacy policy.*

<Cl 4155597 .docx>

<Cl 4155597 AI response.pdf>

Zephyr Solutions Inc - 12.16.2019 - Helium.pdf 

| Client#: 34971 | | ZEPHYR1 | |
|---|---|---|---|

**ACORD** — **CERTIFICATE OF LIABILITY INSURANCE**  DATE (MM/DD/YYYY): 6/04/2025

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer any rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Robin M. Lowe | | |
|---|---|---|---|
| Althans Insurance Agency, Inc.<br>543 East Washington St.<br>P.O. Box 570<br>Chagrin Falls, OH 44022 | PHONE (A/C, No, Ext): 440 247-6422 | | FAX (A/C, No): 440 247-2394 |
| | E-MAIL ADDRESS: rmlowe@althans.com | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A: Cincinnati Insurance Company | | 10677 |
| INSURED<br>Zephyr Solutions Holdings LLC<br>1050 Lear Industrial Parkway<br>Avon, OH 44011 | INSURER B: Cincinnati Indemnity Company | | 23280 |
| | INSURER C: | | |
| | INSURER D: | | |
| | INSURER E: | | |
| | INSURER F: | | |

**COVERAGES**   CERTIFICATE NUMBER:   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS-MADE  X OCCUR | | | EPP0567788 | 02/06/2022 | 02/06/2023 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $500,000 |
| | | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>POLICY ☐ PRO-JECT ☐ LOC ☐<br>OTHER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | | | | $ |
| A | AUTOMOBILE LIABILITY<br>☐ ANY AUTO<br>☐ OWNED AUTOS ONLY  ☐ SCHEDULED AUTOS<br>X HIRED AUTOS ONLY  X NON-OWNED AUTOS ONLY | | | EPP0567788 | 02/06/2022 | 02/06/2023 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | X UMBRELLA LIAB  X OCCUR<br>☐ EXCESS LIAB  ☐ CLAIMS-MADE<br>DED  X RETENTION $0 | | | EPP0567788 | 02/06/2022 | 02/06/2023 | EACH OCCURRENCE | $2,000,000 |
| | | | | | | | AGGREGATE | $2,000,000 |
| | | | | | | | | $ |
| B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY    Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?  N  N/A<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | | EWC0607713 | 02/06/2022 | 02/06/2023 | PER STATUTE ☐   OTH-ER ☐ | |
| | | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Dollar Tree Stores, Inc. I Family Dollar Stores, Inc. are named as an additional insured for General Liability when required by written contract with the named insured.



GA 210 9 17.pdf